## KAWAI K. GEORGE *vs.* HANAKAULANI HOLT.

### EJECTMENT.

MOTION TO RESTRICT ORDER OF NEW TRIAL.

HEARING, JUNE 19, 1893.　　　　DECISION, JULY 13, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

An opinion was filed by this Court ordering a new trial. Plaintiff's counsel moved the Court to restrict the order for new trial to only one issue, and also claimed that a remittitur or remanding order was necessary before the case could go on the calendar.

Held, that the Court had power to restrict the new trial to certain issues, but the exercise of that power depended on the circumstances of the case. That there was no rule or statute which required a remittitur or remanding order to be made before the case could be placed on the trial calendar.

OPINION OF THE COURT, BY BICKERTON, J.

This matter comes here on a motion filed by plaintiff's counsel, which is as follows:

"Plaintiff's motion to restrict order of new trial.

"Whereas, their Honors, the Justices of the Supreme Court, have signed and filed in the Clerk's office their opinion to the effect of authorizing a new trial in said cause, sustaining the defendant's exceptions to the refusal of the Circuit Court to grant the same; and whereas, no order has been made otherwise than is contained in said opinion; and whereas, the said opinion does not refer to the right of the

defendant of a re-trial on the question of his claim to said property by way of inheritance :

"Now the plaintiff moves that an order for such re-trial be made restricting the same to a re-trial of the defendant's claim of adverse possession."

There is no question that this Court has power to grant a new trial on certain conditions, and counsel has cited three of our own reported cases in support of this. First is the case of *Duncan vs. Wilder Steamship Company*. In that case a number of exceptions were taken to the instructions given by the Court. The exceptions as to the defendant's liability were overruled, and the verdict was sustained as to that branch of the case ; but the exceptions taken to the instruction of the Court as to the measure of damages were sustained, and the Court say : "It seems to us that the verdict should be set aside as to the amount of damages, and a new trial allowed to consider and decide the question of the amount of damages." The exceptions in that case were purely questions of law.

Second, the case of *Gay vs. Mendonca*, 7 Haw. 293. In that case, by the special findings in the verdict, it was apparent that the jury had misunderstood the instructions of the Court in respect to the measure of damages, and a new trial was ordered upon the amount of damages only.

Third, the case of *Riemenschneider vs. Kalaehao*, 5 Haw. 550. In that case the Court found that the presiding Judge erred in not instructing the jury as to a certain question of law affecting one item, viz., of notes $245 damages set out in the verdict. The items were one carriage $100, three horses $150, notes $245. The Court found that the Judge properly instructed the jury as to the other items, and say : "We therefore hold that a new trial should be had between the parties unless the plaintiff remits the damages $245 and interest." * * * That is, the Court imposed this condition on the verdict standing.

We are of the opinion that those three cases cannot be considered as being on a par with the case at bar. In this

case the matter comes up simply on a motion for a new trial on the ground that the verdict was contrary to law and evidence, and the Court ordered a new trial. The Court does not find that any part of the verdict should be sustained. Who can say upon what issue the jury came to their verdict? The Court does not find that the question of inheritance was settled, but finds that the defense of adverse possession was disregarded by the jury through inadvertence or prejudice. The effect of ordering a new trial was to annul or set aside the verdict and place the case back where it was before a trial was had.

Counsel for plaintiff contends that the opinion of the Justices of this Court is not an order, but only authorizes one being issued by the Clerk. That granting a new trial means that a new trial may be had, or that an order may be taken out authorizing a new trial, and that such an order should in some way be certified to the Court in which the new trial is to be had; that this can only be done by a remittitur or by some remanding order in the nature of a remittitur; that on the filing of the opinion the order should be drafted and submitted, and when settled as to terms, etc., filed, counsel then to take their own course in getting the case on the trial calendar of the Court below. As regards the contention that the opinion of the Justices is not an order, we are of the opinion that it is an order. The Court does not say that there ought to be a new trial. It is a definite and positive order that there shall be a new trial. The language used is: "We consider that this is a case requiring the interference of the Court and therefore sustain the exceptions and order a new trial."

In regard to the remittitur or remaining order, we are of the opinion that the practice contended for by plaintiff's counsel would be good practice under the new Judiciary Act. As now, when a new trial is ordered by this Court, the case goes back to the Circuit Court for trial. Before January of this year, when a new trial was ordered, it did not go to another Court, but simply went on the calendar for the

next term of the same Court; but we have no rule of Court or statute requiring a remittitur or remanding order to be issued before the case can be put on the calendar for the next term of the Circuit Court. As a matter of fact, this case was placed on the calendar at the last term of the Circuit Court, and is now pending for trial in that Court.

This Court ordered a new trial of this case without any conditions being imposed, and it has been placed in the calendar of the lower Court. This is not a motion for a rehearing on the exceptions.

The motion is denied.

*A. S. Hartwell*, for plaintiff.

*A. Rosa* and *C. W. Ashford*, for defendant.